NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE BAR OF ARIZONA, *Plaintiff/Appellee,*

*v.*

GEORGE M. PAPA, *Defendant/Appellant.*

No. 1 CA-CV 24-0253
FILED 01-30-2025

Appeal from the Superior Court in Maricopa County
No. CV2018-003913
The Honorable Frank W. Moskowitz, Judge

**JURISDICTION ACCEPTED; RELIEF DENIED**

COUNSEL

State Bar of Arizona, Phoenix
By James D. Lee
*Counsel for Plaintiff/Appellee*

George M. Papa, Phoenix
*Defendant/Appellant*

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding Judge Anni Hill Foster and Judge Michael J. Brown joined.

**M c M U R D I E**, Judge:

¶1        George M. Papa appeals the superior court's judgment for the Arizona State Bar ("State Bar"), finding that Papa engaged in the unauthorized practice of law ("UPL") and, in doing so, violated prior court orders and an injunction prohibiting him from engaging in the practice of law in Arizona. While we lack appellate jurisdiction, we accept special action jurisdiction and deny relief.

## FACTS AND PROCEDURAL BACKGROUND

¶2        George Papa is not a licensed attorney in Arizona or any other state. *State Bar of Arizona v. Papa*, 1 CA-CV 19-0058, 2019 WL 6218794, at *1, ¶ 3 (Ariz. App. Nov. 21, 2019) (mem. decision). Some years ago, Papa began offering a criminal defendant legal assistance after Papa became convinced that the man was not receiving adequate representation from his appointed counsel. This assistance included preparing and moving to dismiss, petitioning several times for post-conviction relief, and moving for reconsideration. The State Bar filed a complaint alleging Papa had engaged in UPL through his actions for the defendant, which it won on a motion for summary judgment. Papa appealed, and we affirmed the court's order, enjoining him from engaging in UPL in the future. *Id.* at *2, ¶ 7.

¶3        Sometime later, the State Bar filed an order to show cause alleging that Papa violated the court's order, which permanently enjoined him from engaging in UPL as defined by Rule 31(a)(2)(A) of the Arizona Rules of the Supreme Court. The superior court found Papa violated the injunction after he prepared another notice of post-conviction relief**.** The court entered judgment, finding Papa in contempt and denying his cross-motion for summary judgment and counterclaim for damages. The order also contained two sanctions for civil fines of $2,000 under Arizona Supreme Court Rule ("Rule") 76(b). Papa appealed the court's judgment.

## DISCUSSION

### A.    We Exercise Special Action Jurisdiction to Decide Papa's Claims.

¶4        We have an independent obligation to determine whether we have appellate jurisdiction and must dismiss an appeal over which we lack jurisdiction. *Dabrowski v. Bartlett*, 246 Ariz. 504, 511, ¶ 13 (App. 2019). Generally, contempt orders are not appealable. *Green v. Lisa Frank, Inc.*, 221 Ariz. 138, 145, ¶ 12 (App. 2009). Instead, a petition for special action is appropriate for challenging a civil contempt order. *See Stoddard v. Donahoe*,

224 Ariz. 152, 154, ¶ 7 (App. 2010). Because Papa challenges a finding of civil contempt, we do not have appellate jurisdiction over Papa's claims. *Id.* "However, when parties mistakenly raise issues from a non-appealable order, we have the discretion to *sua sponte* accept special action jurisdiction and consider the merits of the claims." *Dabrowski*, 246 Ariz. at 512, ¶ 15. We exercise our discretion and accept special action jurisdiction.

**B.      The Sixth Amendment Does Not Give Papa the Right to Engage in the Practice of Law.**

**¶5**      Papa argues that the Sixth Amendment allows for "all criminal defendants . . . [to] have the right to the counsel of their choice, which is not required to be an attorney at law." A person brought to trial in a state or federal court has the right to the assistance of counsel. U.S. Const. amend. VI; U.S. Const. amend. XIV; *Gideon v. Wainwright*, 372 U.S. 335, 342-45 (1963) (incorporating the right to counsel in a criminal case to the states). "[T]he Sixth Amendment right to counsel exists in order to protect the fundamental right to a fair trial." *Lockhart v. Fretwell*, 506 U.S. 364, 368 (1993) (quotation omitted). And courts "have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them." *Wheat v. United States*, 486 U.S. 153, 160 (1988). And so, the Sixth Amendment's right to choose one's counsel is limited in several respects, one being that other than self-representation, a non-member of the bar may not represent clients in court. *Id.* at 159.

**¶6**      Papa contends that *Faretta v. California* supports the notion that a criminal defendant has the right to have a nonlawyer other than themselves assist them. 422 U.S. 806 (1975). But *Faretta* does not support this proposition. In *Faretta*, the Supreme Court held states may not "force a lawyer" on a defendant because the "right to defend is personal." *Id.* at 834. Thus, the Supreme Court determined that the Sixth Amendment implies a right of self-representation. *Id.* at 821. But while the right to represent oneself usually leads to a nonlawyer advocating for themselves, it does not follow that there is an independent right to help from other nonlawyers. *United States v. Kelley*, 539 F.2d 1199, 1202 (9th Cir. 1976) ("[T]here is no indication in *Faretta* that the Sixth Amendment right to counsel refers to assistance by any person other than a lawyer."). And neither the Supreme Court nor Arizona courts have interpreted the Sixth Amendment to include such a right.

**¶7**      In Arizona, the authority to determine who practices law and what conditions they practice under is exclusively granted to the judiciary.

*In re Creasy*, 198 Ariz. 539, 540--41, ¶ 6 (2000) (Our supreme court has long recognized that under Article III of the Arizona Constitution, the judiciary has exclusive authority over the practice of law.). To that extent, the Arizona Supreme Court has defined the practice of law and what conduct constitutes UPL. Ariz. R. Sup. Ct. 31.1(a); Ariz. R. Sup. Ct. 31.2. Papa admitted to actions that constitute the practice of law under Rule 31.2, and the superior court issued a judgment finding that Papa had engaged in UPL and enjoining him from doing so in the future. *Papa*, 1 CA-CV 19-0058, at *1, ¶¶ 1-2. This judgment may be enforced through civil contempt proceedings. Ariz. R. Sup. Ct. 79(f). The State Bar brought an appropriate action to enforce the judgment.

**¶8** The Sixth Amendment does not protect Papa's actions. Thus, the superior court could hold Papa in contempt of court if he violated the injunction.

**C. The Court Correctly Found Papa in Contempt.**

**¶9** "A finding of civil contempt requires that the contemnor (1) has knowledge of a lawful court order, (2) has the ability to comply[,] and (3) fails to do so." *Lund v. Donahoe*, 227 Ariz. 572, 583, ¶ 41 (App. 2011). This court reviews a civil contempt finding and any sanction for an abuse of discretion. *Stoddard*, 224 Ariz. at 154-55, ¶ 9. We will not reweigh the evidence and accept the superior court's factual findings unless they are clearly erroneous. *Id.*

**¶10** Here, the superior court found that the judge in the criminal trial had issued a ruling establishing that Papa was permanently prohibited from engaging in the practice of law. Nothing in the record suggests that Papa was unaware of the injunction, could not comply with it, or had an affirmative duty requiring him to take actions violating the order. *Cf. Lund*, 227 Ariz. at 583, ¶ 41 (Attorneys' concerns about privilege considerations hindered their compliance with compelling disclosure.). Finally, Papa violated the injunction. After the court issued the injunction, Papa filed another notice for post-conviction relief with his name listed as the person filing it and his contact information on the caption. The judge rejected the notice for post-conviction relief and found that Papa had violated Rule 31(a)(2)(A)(1), (3), and (5).

**¶11** The court correctly found that Papa had engaged in the practice of law in Arizona and, by doing so, violated prior court orders. It did not, therefore, abuse its discretion by finding Papa in contempt.

**CONCLUSION**

¶12 We accept jurisdiction but deny relief.